**Audwin JACOBS**

v.

**PORT NECHES POLICE DEPARTMENT et al.**

No. 1:94–CV–767.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 3, 1996.

Stephen D. Glover, Hirsch & Westheimer, Houston, TX, for Audwin Jacobs.

Kerry Baldwin McKnight, Gerald Wayne Riedmueller, Benckenstein Norvell & Nathan, Beaumont, TX, for Port Neches Police Department, City of Port Neches TX, Charles Bennefield, George Cole.

Frank David Calvert, Benckenstein & Oxford, Beaumont, TX, for Port Arthur Police Department, City of Port Arthur Texas, Alton Baise, Tim Duriso, Danny Mathas, John Corona.

Tyrone E. Cooper, Beaumont, TX, for Beaumont Police Dept., City of Beaumont.

Michael R. Siebe, Penrose, CO, pro se.

Steven Lee Wiggins, Office of the District Attorney, Beaumont, TX, for Jefferson County Sheriff's Department, Jefferson County

Attorney's Office, Jefferson County District Attorney's Office, Jefferson County, Texas.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge filed on December 11, 1995, is **ADOPTED.** A partial final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

## PARTIAL FINAL JUDGMENT

This action came on before the Court, Honorable Thad Heartfield, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that defendant Jefferson County Sheriff's Department is **DISMISSED,** without prejudice, as a party to this suit. It is further

**ORDERED** and **ADJUDGED** that defendant Jefferson County District Attorney's Office is **DISMISSED,** without prejudice, as a party to this suit.

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: THE MOTION TO DISMISS OF THE JEFFERSON COUNTY SHERIFF'S DEPARTMENT AND THE JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE

HINES, United States Magistrate Judge.

Pending is the motion of the "Jefferson County Sheriff's Department" and the "Jefferson County District Attorney's Office" to dismiss for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). This motion was referred by order dated July 28, 1995 of United States District Judge Thad Heartfield to the undersigned United States magistrate judge for findings of fact, conclusions of law, and recommendation for disposition.

### I. Nature of the Case

This action arises from a traffic stop which occurred on October 19, 1992, subsequent criminal charges for possession of a weapon, narcotics possession, and civil forfeiture proceeding against a vehicle and cash. Officers claim they found a small amount of drugs in the vehicle driven by plaintiff at the time of the stop; plaintiff claims the drugs were planted. The drug charge, the weapons possession charge, and the civil forfeiture proceeding were all dismissed.

The complaint asserts the following claims against the "County Sheriff's Department": violations of 42 U.S.C. §§ 1983, 1985 premised on improper training and supervision of officers; defamation and conspiracy under the civil rights statutes; and RICO violations. The complaint asserts the following claims against the "County District Attorney's Office": malicious prosecution, defamation, and conspiracy under the civil rights statutes; RICO violations; and a state law claim of intentional infliction of emotional distress.

### II. Motion to Dismiss and Response

Defendants move to dismiss for failure to state a claim under Rule 12(b)(6), asserting the doctrines of absolute and qualified immunity as well as a statute of limitations defense.

Plaintiff's response enumerates various specific fact allegations from the complaint to demonstrate that the causes of action have an adequate factual foundation. Plaintiff also argues that absolute prosecutorial immunity is inapplicable, that the officials in this matter could not reasonably have believed their actions lawful, and that the events in

the complaint fall within the statute of limitations.

## III. Discussion and Analysis

Although the parties have neither asserted or briefed the issue of the defendants' capacity as a jural entity to sue or be sued, the court raises this issue on its own motion.

### A. Jefferson County Sheriff's Department

■ The capacity of an entity such as a sheriff's department to sue or be sued "shall be determined by the law under which it was organized." FED.R.CIV.P. 17(b). In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) "to grant the servient agency with jural authority." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir.1991); *see also Thomas–Melton v. Dallas County Sheriff's Dep't*, No. 94–10049, 39 F.3d 320 (5th Cir. Oct. 25, 1994); *Alcala v. Dallas County Sheriff*, No. 92–1053, 988 F.2d 1210 (5th Cir. Mar. 12, 1993). Because there is no indication that the "Jefferson County Sheriff's Department" enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed.[1]

### B. Jefferson County District Attorney's Office

■ Plaintiff's complaint names "Jefferson County District Attorney's Office" for its involvement in prosecutions against plaintiff. The complaint does not name individual agents working within the office; only the entity itself is named.

To the extent plaintiff brings his claim against the office, the complaint is defective for the same reason that justifies dismissal of the claim against the Jefferson County Sheriff's Department. A county district attor-

ney's office is not a legal entity capable of suing or being sued. *Johnson v. Kegans*, 870 F.2d 992, 998 n. 5 (5th Cir.), *cert. denied*, 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989). Defendant "Jefferson County District Attorney's Office" should be dismissed.[2]

## IV. Recommendation

All claims should be dismissed as to defendants "Jefferson County Sheriff's Department" and "Jefferson County District Attorney's Office." Dismissal should be without prejudice to seek leave to amend to name proper parties.

## V. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1988); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988).

---

1. Inasmuch as this defendant failed to raise the issue of proper legal status in either its answer or its motion to dismiss, plaintiff was not on notice of this defense. Therefore, the dismissal should be without prejudice to plaintiff to seek leave to amend its complaint. *Thomas–Melton*, No. 94–10049, slip op. at 6 n. 2 (when party not previously on notice of jural capacity defense, there is

a strong argument for granting leave to amend to name proper party).

2. The dismissal of the county sheriff's office should be without prejudice to seek leave to amend, because, again, the defendant has at no point raised the issue of its amenability to suit. *See supra* note 1.