**David S. DILLON**

v.

**JEFFERSON COUNTY SHERIFF'S DE-PARTMENT, Jefferson County Narcotics Task Force, Bart Owens, Gerald Porter and Twenty Unknown Narcotics Agents of the Jefferson County Narcotics Task Force**

No. 1:96–CV–0002.

United States District Court,
E.D. Texas,
Beaumont Division.

April 10, 1997.

Ramie Griffin, Jr., Beaumont, TX, George Kirk, Kirk, Gottesman & Lee, Beaumont, TX, for plaintiff.

Robert A. Black, Dewey Gonsoulin, Mehaffy & Weber, Beaumont, TX, for defendant.

## *MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGES REPORT AND RECOMMENDATION*

SCHELL, Chief Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge filed on March 11, 1997 is **ADOPTED.** An Order Granting defendant Jefferson County Narcotics Task Force's Motion for Summary Judgment will be entered separately.

## *REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS JEFFERSON COUNTY, TEXAS AND CARL GRIFFITH'S NOVEMBER 18.1996 MOTION FOR PARTIAL SUMMARY JUDGMENT*

HINES, United States Magistrate Judge.

This civil rights action arises from plaintiff David Dillon's claims for personal injuries and other losses allegedly suffered during the August 4, 1995 search of his residence by defendant law enforcement officers. Plaintiff asserts that this search was an act of official oppression and intentional misconduct because the authorizing search warrant was based on information defendants knew or should have know to be unreliable.

This report addresses defendant Jefferson County Narcotics Task Force's motion for summary judgment.[1]

## THE MOTION FOR SUMMARY JUDGMENT

Defendant argues that summary judgment is proper on the basis that it is not a separate legal entity subject to suit. Plaintiff asserts that the Task Force may be sued based on the following considerations: "(a) [i]t is a government entity with an organizational structure; (b) [i]t has an administrative hierarchy with a developed chain of command; (c) [i]t has membership; (d) [c]omponent employees are assigned to the Task Force with rank, seniority and specific command responsibilities; (e) [i]t has policy making authority; (f) [i]t has a budget; (g) [i]t makes application for, and receives grants from the federal and state governments; (h) [i]t enforces the law and, in so doing, may from time to time inflict serious injury on individuals through the use of that force available under the police power; (I)[i]t is motivated by economic incentives to produce monetarily successful law enforcement results, the proceeds of which are used to offset matching fund commitments otherwise accruing as a debt obligation to the Task Force." Pl.'s Resp. at 4–5.

The undersigned concludes that the motion should be granted because there is insufficient evidence that the entities that created the Task Force intended to create a separate legal entity subject to suit.

## ANALYSIS

### A. Principles for Analysis

Summary judgment is proper upon showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The facts of the case shall be reviewed drawing all inferences in the manner most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). There is no genuine issue of material fact if the record, taken as a whole, could not lead a rational jury to find for the nonmovant. *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc). "Such a finding may be supported by the absence of evidence to establish an essential element of the nonmoving party's case." *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir.1993) (citations omitted). Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A party opposing such a summary judgment motion may not rest upon mere allegations of his pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

### B. Capacity for Suit

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Under Texas law, the touchstone is whether the entity has been granted the capacity "to sue and to be sued." *See, e.g., Fazekas v. University of Houston*, 565 S.W.2d 299, 302 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), *appeal dismissed*, 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979).

### C. Discussion

The Task Force was organized under a grant by and through the Texas Narcotics Control Program as authorized by the Anti–Drug Abuse Act of 1988. It is composed of employees of the Jefferson County Sheriffs Department and the police departments of the cities of Beaumont, Nederland, and Port Arthur. It is an intergovernmental association that is subject to suit only if the parties that created it intended to create a separate

---

1. The motion is referred to the undersigned United States Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); General Order 91–16 (E.D.Tex.1991) (standing referral order).

legal entity that may sue and be sued. *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir.1995) (holding that an intergovernmental task force made up of various local, county and state agencies with authority to investigate suspected drug operations was not subject to suit because there was insufficient evidence to show that those entities intended to create a separate legal entity subject to suit); see *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir.1991) (finding that Texas county sheriffs and police departments are generally not legal entities capable of being sued); *see also Thomas–Melton v. Dallas County Sheriff's Dept.*, No. 94–10049, 39 F.3d 320 (5th Cir. Oct.25, 1994); *Maltby v. Winston*, 36 F.3d 548, 560 n. 14 (7th Cir.1994), *cert. denied*, 515 U.S. 1141, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995); *Alcala v. Dallas County Sheriff*, No. 92–1843, 988 F.2d 1210 (5th Cir. Mar. 12, 1993); *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 843 (E.D.Tex.1996) (finding county sheriffs department and county district attorney's office are not legal entities capable of being sued in absence of an express grant of jural authority).

Dillon has failed to show that the entities that created the Task Force intended to create a separate legal entity having the capacity to engage in separate litigation. Indeed, the evidence indicates the opposite; the entities that created the Task Force did not envision a separate legal entity.[2] The interagency agreement does not contemplate a separate legal entity. *See* Attach. 2, Def.'s Mot. Summ. J. (copy of "Interagency Agreement Review and Approval").

## RECOMMENDATION

Defendant's motion for summary judgment should be granted because it lacks the capacity to be sued.

## OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

March 11, 1997.

---

2. Defendant Task Force has provided evidence showing that it was not organized or created as an separate legal entity. See Attach. to Def.'s Mot. Summ. J. It is unnecessary to examine the accuracy of the considerations listed by plaintiff because he fails to address the determinative factor. Under Texas law, the key factor is whether the entity may sue and be sued, and plaintiff has provided insufficient evidence to establish this fact. Pl.'s Resp. at 4–5.