# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3834EA

_____

Steve Brown,                          *
                                      *
            Appellant,                *
                                      *    On Appeal from the United
    v.                                *    States District Court
                                      *    for the Eastern District
                                      *    of Arkansas.
Fifth Judicial District Drug          *
Task Force,                           *
                                      *
            Appellee.                 *

_____

Submitted:  May 31, 2001
Filed:  July 2, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
     Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Steve Brown, the "coordinator" for the Fifth Judicial District Drug Task Force, brought this case under the Fair Labor Standards Act, claiming that the Task Force, his employer, had failed to pay him for overtime. The complaint alleged the following about the defendant:

The Defendant is a multi-governmental unit organized
under the laws of the State of Arkansas as an interlocal

cooperative consisting of Pope County, Arkansas, Franklin County, Arkansas, and Johnson County, Arkansas, together with the Cities of Russellville and Clarksville.

Complaint ¶ 3, Joint Appendix (J. A.) 1.  The defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that it is not a legal entity capable of being sued.  The plaintiff did not respond to this motion.  The District Court[1] granted the motion and dismissed the complaint.  The plaintiff appeals.  None of the arguments asserted by the plaintiff on appeal was made below.  Accordingly, our review is for plain error.  We hold that there was no plain error (if error there was at all), and affirm.

The outcome of this case depends on the meaning of Fed. R. Civ. P. 17(b), which provides, in pertinent part, as follows:

> Capacity to Sue or be Sued . . . [C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States . . ..

The District Court based its holding on the first part of the rule:

> Defendant argues, and plaintiff does not dispute, that it is neither a natural nor an artificial person with a separate legal existence and it has not been granted statutory

---

[1]The Hon. Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

authority to sue or be sued; rather, it is an unincorporated, intergovernmental, multijurisdictional task force established to investigate and prosecute drug offenses in several counties together with the cities of Russellville and Clarksville.

Steve Brown v. Fifth Judicial District Drug Task Force, No. 4:00-CV-00647-SWW (E.D. Ark., Oct. 12, 2000) (order).

On appeal, the plaintiff does not contest the reasoning of the District Court, as far as it went. He does assert that the Fifth Judicial District Drug Task Force was created under an Arkansas statute, Ark. Code Ann. § 25-20-101 et seq., the Interlocal Cooperation Act. The complaint did not so allege; neither did the plaintiff at any time cite this statute in the District Court. The defendant, however, does not appear to dispute that it was in fact organized under the law cited, so we proceed under that assumption. The difficulty, however, from the plaintiff's point of view is that the statute itself leaves it open to the governmental units who decide on joint action to establish a separate legal entity, or not, to conduct the joint or cooperative undertaking, according as their agreement may provide. The record does not contain the text of this agreement. Indeed, the record is sparse, to say the least. It contains only four documents, the complaint, the defendant's motion to dismiss, the defendant's brief in support of the motion to dismiss, and the order of the District Court dismissing the complaint. We have to believe that if the agreement among these three counties and two cities in fact did establish a separate legal entity, the plaintiff would have brought this fact to the attention of the District Court, or, in any event, of this Court. This has not occurred.

Instead, the plaintiff relies upon paragraph (1) of Rule 17(b). The defendant Task Force, it is argued, is an "unincorporated association, which has no such capacity by the law of such state" but "may sue or be sued in its common name for the purpose

of enforcing . . . against it a substantive right existing under . . . laws of the United States . . .." This case arises under the Fair Labor Standards Act, so a portion of this provision is satisfied. But is the Task Force a "unincorporated association," as that phrase is used in the Rule? In literal terms, it is: it is not incorporated, and it is a grouping of governmental units for a common purpose, certainly within the outer limits of the ordinary meaning of the word "association."

So far, the plaintiff's theory is plausible. But is there "plain" error? United States v. Olano, 507 U.S. 725, 734 (1993), defines plain error as follows:

> The second limitation on appellate authority under Rule 52(b) is that the error be "plain." "Plain" is synonymous with "clear" or, equivalently, "obvious." . . . At a minimum, a court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law.

(Citations omitted.)

Defendant argues that the "unincorporated association" provision applies only to private parties, not governmental ones. A labor union, for example, is an unincorporated association that can be sued under federal law. United Mineworkers v. Coronado Coal Co., 259 U.S. 344 (1921). So is a local telephone cooperative. Schmidt v. Peoples Telephone Union of Maryville, Missouri, 138 F.2d 13 (8th Cir. 1943). There is authority, however, that the questions of legal or juridical existence and capacity to sue and be sued are distinct, and that a group of persons working together for a common purpose must first be found to have legal existence before the question of capacity to sue or be sued can arise. Roby v. The Corporation of Lloyd's, 796 F. Supp. 103, 109-10 (S.D. N.Y. 1992), aff'd, 996 F.2d 1353 (2d Cir.), cert. denied, 510 U.S. 945 (1993). This case holds that Lloyd's of London, a group of

-4-

syndicates active in the business of insurance, is not an "unincorporated association" within the meaning of Fed. R. Civ. P. 17, because it has no legal existence apart from the individuals who make it up. " '[U]nincorporated association' is a term of art — every group that is not a corporation or partnership is not automatically an unincorporated association." Id. at 110.

In addition, authorities more directly in point appear to be uniform in holding that drug task forces similar to the defendant in this case are not separate legal entities subject to suit. Eversole v. Steele, 59 F.3d 710 (7th Cir. 1995); Hervey v. Estes, 65 F.3d 784, 792 (9th Cir. 1995); Dillon v. Jefferson County Sheriff's Department, 973 F. Supp. 626 (E.D. Tex. 1997); Alexander v. City of Rockwall, No. CIV. A. 3:95-CV-0489, 1998 WL 684255 (N.D. Tex., Sept. 29, 1998).

In these circumstances, it seems to us that the District Court committed no error. In any case, the error, if there was one, is certainly not "plain." Accordingly, the judgment of the District Court, dismissing this complaint,[2] must be and is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Perhaps the action could be re-filed directly against the five governmental entities whose agreement created the Task Force. We express no view on that question.