837 So.2d 510 (2003)
PONDELLA HALL FOR HIRE, INC., etc., Appellants,
v.
CITY OF ST. CLOUD, et al., Appellees.
No. 5D02-1728.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellants.
Thomas W. Poulton and Christopher J. Steinhaus of DeBevoise & Poulton, P.A., Winter Park, for Appellees.
COBB, W., Senior Judge.
The issue raised by this appeal is whether Pondella Hall for Hire, Inc., can utilize a replevin action against the City of St. Cloud to recover bingo equipment seized from it by the Osceola County Investigative Bureau (OCIB), of which St. Cloud was a component, and damages for the wrongful seizure of the property. The seizure, which was pursuant to a court order and warrant, was part of a criminal investigation by OCIB and led to a forfeiture action by the State against Pondella, an action subsequently dismissed. A State criminal charge against Pondella resulted in an acquittal in 1999 and a RICO action filed by the Attorney General ultimately was invalidated by the Florida Supreme Court. See Department Of Legal Affairs v. Bradenton Group, Inc., 727 So.2d 199 *511 (Fla.1998). Another criminal action filed by the statewide Prosecutor was nolle prossed after the 1999 acquittal.
In the replevin action against St. Cloud filed below Pondella alleged:
Presently, there are no pending criminal matters involving this property, for which the subject property may be evidence. Likewise, there are no pending forfeiture cases involving the property the time for filing such an action has long since passed. Finally, there are no injunctions, orders, or judgments of forfeiture as to this property.
St. Cloud contended below, and now contends on appeal, that our recent opinion in Eight Hundred, Inc. et al. v. State of Florida, 781 So.2d 1187 (Fla. 5th DCA 2001) clearly precludes the exercise of jurisdiction in regard to the seized property by the replevin court in this case; rather, the trial court wherein the property was originally seized must decide any issues regarding return or disposition of that property. In that case we wrote:
A trial court that has jurisdiction over criminal charges brought against an individual is vested with inherent authority over property held in custodia legis. Property is held in custodia legis when it is obtained for use as evidence in the criminal proceedings. See e.g., Helmy v. Swigert, 662 So.2d 395 (Fla. 5th DCA 1995). This inherent authority extends to property seized from the accused as well as others and it vests in the trial court the inherent power to assist the true owner in the recovery of his property. See Oleandi v. State, 731 So.2d 4, 6 (Fla. 4th DCA 1999). ("Once a criminal prosecution is instituted, the court in which that prosecution is pending acquires jurisdiction over that property to hear and determine all questions concerning its ownership if the property seized has an evidentiary purpose."); Kern[ v. State, 706 So.2d 1366 (Fla. 5th DCA 1988)]; Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993). This inherent authority to direct return of seized property continues beyond the termination of the criminal prosecution. See Oleandi; Kern (concluding that subsequent to defendant's acquittal of the criminal charges, the trial court retained the authority to direct return of seized property); Helmy (holding that the trial court is obligated to exercise its authority to resolve the issue whether the defendant was entitled to return of seized property after the criminal charges were dismissed); Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991).
The trial court that has jurisdiction over the criminal proceedings has priority jurisdiction over other courts to determine whether property seized for use in the criminal proceedings is to be retained or returned to the owner. See Sawyer v. Gable, 400 So.2d 992, 995 (Fla. 3d DCA 1981) (concluding that the criminal trial court's priority jurisdiction "turns on the fact that the warrant and property, by virtue of the filing of criminal charges, have initially come within the jurisdiction of the respondent judge which jurisdiction is not to be intruded upon by any court, though of concurrent jurisdiction").... Therefore, once a motion for return of property is filed, the trial court with jurisdiction over the criminal proceedings is laden with the responsibility to determine whether a proper basis exists to return the property to the owner. This determination requires notice to the owner of the property and a hearing where all interested parties are given an opportunity to present evidence and argument to the trial court. Oleandi; Kern; Brown; Helmy; Coon.

Eight Hundred, 781 So.2d at 1190-1191.
Based upon our opinion in Eight Hundred, it is clear that the trial judge in *512 the instant case was correct in dismissing the replevin action. It had no jurisdiction to do otherwise. In respect to the claim for money damage, Pondella is confronted with the doctrine of sovereign immunity, which requires notice pursuant to section 768.28(6)(a), Florida Statutes. No such notice was given. See Kelley v. Jackson County Tax Collector, 745 So.2d 1040 (Fla. 1st DCA 1999), review denied, 763 So.2d 1043 (Fla.2000).
Since this matter was dismissed below for lack of jurisdiction, that dismissal should have been without prejudice so that any claims Pondella may have may be properly pursued in the appropriate circuit court in accordance with our opinion in Eight Hundred. Accordingly we reverse the trial court's dismissal with prejudice, but affirm dismissal for the reasons set forth herein.
AFFIRMED IN PART, REVERSED IN PART.
PETERSON and PLEUS, JJ., concur.