844 So.2d 696 (2003)
PONDELLA HALL FOR HIRE, INC., n/k/a Eight Hundred, Inc., Appellant,
v.
C.W. (Charlie) CROFT, etc., et al., Appellees.
Nos. 5D02-1729, 5D02-1730, 5D02-1731.
District Court of Appeal of Florida, Fifth District.
April 25, 2003.
Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellant Pondella Hall for Hire, Inc., n/k/a Eight Hundred, Inc.
Kathryn L. Kasprzak and Jeanelle G. Bronson of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellee C.W. Croft.
Usher L. Brown of Brown, Ward, Salzman & Weiss, P.A., Orlando, for Appellee Osceola County Investigative Bureau.
Bruce R. Bogan of Hilyard, Bogan & Palmer, P.A., Orlando, for Appellee City of Kissimmee.
PLEUS, J.
Pondella Hall for Hire, Inc. n/k/a Eight Hundred Inc. ("Pondella") appeals orders dismissing with prejudice the City of Kissimmee ("Kissimmee"), Osceola County Investigative Bureau ("OCIB") and Osceola County Sheriff C.W. Croft from its suit for replevin and damages.[1] We affirm the dismissal of OCIB with prejudice because OCIB is not a legal entity capable of being sued. See Brown v. 5th Judicial District *697 Drug Task Force, 255 F.3d 475 (8th Cir. 2001); Hervey v. Estes, 65 F.3d 784 (9th Cir.1995) (holding that multi-agency drug task force was "only subject to suit if the parties that created [it] intended to create a separate legal entity"). With regard to Kissimmee and Sheriff Croft, we affirm the dismissals, but reverse the dismissals with prejudice "so that any claims Pondella may have may be properly pursued in the appropriate circuit court." Pondella Hall for Hire, Inc. v. City of St. Cloud, 837 So.2d 510, 511 (Fla. 5th DCA 2003) ("Pondella I").
The underlying facts are recited in Pondella I. Kissimmee and Sheriff Croft raised various procedural bars to Pondella's suit, including the statute of limitations, laches, and sections 932.703(3) and 705.105, Florida Statutes. None of these would bar Pondella's replevin action. However, replevin is not the appropriate remedy. See Helmy v. Swigert, 662 So.2d 395 (Fla. 5th DCA 1995). As we held in Pondella I, the criminal court has in rem jurisdiction over the property in question. The proper remedy was to file a motion to return the property in the criminal court.
We note that Pondella filed such a motion initially and appealed the lower court's failure to return the property. That appeal resulted in our opinion in Eight Hundred, Inc. v. State, 781 So.2d 1187 (Fla. 5th DCA 2001). Based on the parties' representations at oral argument, it appears that on remand, Pondella's motion to return its property is still pending in the criminal court. As we stated previously, that court has in rem jurisdiction over the seized property. It has the authority, and more importantly, the obligation to assist the property owner in the recovery of its property. See Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993). We outlined this procedure in Eight Hundred and the lower court must expeditiously fulfill its responsibility.
We note that the reasons for not returning property to its owner, as recited in Eight Hundred, do not bar the return of the property in this case. All civil and criminal cases involving the seized property were concluded by 1999. Although there is a pending civil RICO case in Orange County, that case does not encompass the property in question here.[2] Nor is the property "unclaimed." Pondella has made repeated attempts to gain the return of its property since 1999.
In short, the criminal court must determine expeditiously where the property is and whether it should be immediately returned to Pondella. It also has the authority to enforce its orders against any person or entity holding the property through its contempt power because of its in rem jurisdiction over the property. Justice demands that the lower court exercise its jurisdiction over this property and expeditiously resolve the issues associated with it.
Finally, a word about damages. Chapter 932 provides a mechanism for a property owner to obtain damages against the seizing agencies. However, Pondella failed to avail itself of this mechanism during the pendency of the forfeiture case. Thus, it has forfeited its right to damages under Chapter 932. However, if it is determined in the criminal court that some of the property has been lost or destroyed, the criminal court may award Pondella damages for the value of that property upon a proper evidentiary showing.
*698 AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] Pondella filed suit below against five defendants. Four defendants obtained dismissal orders and the fifth obtained a summary judgment. Pondella filed five separate appeals. We previously decided one of these appeals in Pondella Hall for Hire, Inc. v. City of St. Cloud, 837 So.2d 510 (Fla. 5th DCA 2003). This opinion will decide the remaining three appeals of dismissal orders. The summary judgment appeal remains pending.
[2] The second amended civil RICO complaint does not describe with any specificity the property which is the subject of this appeal.