954 So.2d 703 (2007)
RAMESE'S, INC., d/b/a Cleo's, et al., Appellants,
v.
METROPOLITAN BUREAU OF INVESTIGATION, Appellee.
No. 5D06-1795.
District Court of Appeal of Florida, Fifth District.
April 20, 2007.
Steven G. Mason of Steven G. Mason, P.A., Orlando, for Appellant.
Lawson Lamar, State Attorney, Ninth Judicial Circuit, Willie May and Darlene Simmons, Assistant State Attorneys, Orlando, for Appellee.
EVANDER, J.
On May 27, 2005, Ramese's, Inc., d/b/a Cleo's, represented by Steven G. Mason, P.A. (collectively Appellants) submitted a public records request to the Metropolitan Bureau of Investigation (MBI). Scott Campbell, a lieutenant in the Orange County Sheriff's Office, responded to Appellants' request. Campbell produced some of the requested documents, redacted others, and declined to produce others. Campbell contended the non-produced items were exempt from a public records request. Appellants objected to the redactions and the non-production of certain documents.
Appellants subsequently filed a lawsuit against MBI seeking to obtain the requested documents which had not been produced (or had been redacted). The State Attorney for the Ninth Judicial Circuit of Florida filed a motion and amended motion to quash service of process and dismiss the complaint, alleging MBI was not a suable entity. A copy of the Metropolitan Bureau of Investigation Mutual Cooperation Agreement ("Agreement") was attached to the amended motion.[1] A hearing was ultimately held on the amended motion. The trial court found MBI was not a suable entity and dismissed Appellants' action with prejudice. We affirm.
MBI is a cooperative, multi-agency law enforcement task force in Central Florida, originally consisting of seven member agencies under the Agreement.[2] The Agreement provides that MBI's purpose is "to be a coordinated multi-agency law enforcement unit directed at vice, narcotics, *705 organized crime, racketeering, and other criminal enterprises in the Ninth Judicial Circuit, including Orange County and Osceola County, Florida, to allow for specialization and an ongoing and coordinated approach, as well as common utilization of training and support functions and the pooling of investigative and administrative resources."
This court has previously held that a multi-agency law enforcement task force is only subject to suit if the parties that created the task force intended to create a separate legal entity. Pondella Hall for Hire, Inc. v. Croft, 844 So.2d 696 (Fla. 5th DCA 2003).
Here, the Agreement does not contain any indication that the member agencies intended to create a separate legal entity capable of being sued in its own name. Under the Agreement, each member agency is represented on MBI's governing board. Each member agency assigns law enforcement and administrative personnel to MBI at a staffing level determined by that member agency's representative on the governing board. The respective member agencies "retain full responsibility for the compensation, retirement, insurance, liability and discipline of their own personnel assigned to the MBI."
MBI is funded by contributions of equipment and staffing from the individual budgets of the member agencies and does not have a centralized budget. The member agencies provide in-kind contributions of items such as office space, utilities, gasoline, telephone costs, etc., in such proportion as determined by the governing board. Member agencies may also elect to contribute cash for recurring operational expenses.
These provisions reflect that the member agencies did not intend MBI to be a separate legal entity. Each member agency retained control and responsibility over its own personnel. Furthermore, MBI does not have a centralized budget, but is instead funded by contributions of equipment and staffing from the individual budgets of the member agencies. The trial court properly concluded that MBI was not a legal entity capable of being sued. Id., at 697; see also Brown v. Fifth Judicial Dist. Drug Task Force, 255 F.3d 475 (8th Cir.2001); Hervey v. Estes, 65 F.3d 784 (9th Cir.1995).
Appellants contend that an affirmance of the trial court's decision would unfairly require them to bring an action against all the agency members.[3] We disagree. The Agreement implicitly recognizes the right of each member agency to have access to all documents in the possession of MBI. Because the Agreement fails to designate a particular member agency to be responsible for responding to public records requests, it would appear Appellants could bring its action against any of the member agencies.[4]
AFFIRMED.
TORPY and LAWSON, JJ., concur.
NOTES
[1] The Agreement was dated February 8, 1996. This type of mutual aid agreement is specifically authorized by the Legislature. § 23.1225(1)(a), Fla. Stat.
[2] The member agencies, as set forth in the Mutual Cooperation Agreement, are the State Attorney for the Ninth Judicial Circuit, the Sheriff of Orange County, the Sheriff of Osceola County, the Orlando Police Department, the Winter Park Police Department, the Apopka Police Department, and the Ocoee Police Department.
[3] The agency members would be ascertained by a review of the Mutual Aid Agreement. Section 23.1225(4) requires that a copy of a mutual aid agreement must be filed with the Department of Law Enforcement.
[4] During oral argument, counsel for the State Attorney's Office acknowledged that an action to obtain MBI's public records could be brought against either the State Attorney's Office or the Orange County Sheriff (Lt. Campbell's employer). Section 23.1225(1)(a) requires a mutual aid agreement to designate the agency or entity that shall bear liability arising from acts undertaken under the agreement.