**Michael WOODWARD, Plaintiff,**

v.

**OFFICE OF DISTRICT ATTORNEY, et al., Defendants.**

**No. 08 Civ. 11092(VM).**

United States District Court, S.D. New York.

Feb. 16, 2010.

Michael Woodward, Freedom House III, Bronx, NY, pro se.

Kathleen Erin Naughton, New York City Law Department, New York, NY, Tara A. Labella, Chesney, Murphy & Moran, Baldwin, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Michael Woodward ("Woodward"), acting *pro se,* brought this action against defendants Office of the New York County District Attorney ("District Attorney's Office"), an unidentified Assistant District Attorney ("A.D.A. John Doe"), Duane Reade, Inc. ("Duane Reade"), and two unidentified Duane Reade employees (collectively, "Defendants"), claiming that Defendants violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution, and seeking compensatory and punitive damages pursuant to 42 U.S.C. § 1983 ("1983").

Woodward's amended complaint, dated January 23, 2009 (the "Amended Complaint"), also asserts state law claims of assault, battery, negligence, and loss of liberty.

The District Attorney's Office now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), asserting that Woodward's claims against the State are barred by the Eleventh Amendment of the United States Constitution. For the reasons discussed below, the District Attorney's Office's motion is GRANTED. The Court also dismisses Woodward's claims against A.D.A. John Doe, Duane Reade, and two unidentified Duane Reade employees.

### I. BACKGROUND[1]

On May 27, 2008, New York City police officers arrested Woodward at a Duane Reade location in Harlem. According to the Amended Complaint, a Duane Reade employee repeatedly asked him to show the contents of a shopping bag he was carrying. When Woodward refused to comply and tried to exit the store, Duane Reade employees prevented him from doing so by spraying mace in his face, knocking him down, and beating him while he was on the ground. As a result of the incident, Woodward received lacerations, bruises, and abrasions.

The next day, in connection with the incident and his subsequent arrest, Woodward was arraigned in the Criminal Court of New York County on criminal charges of petit larceny and criminal possession of stolen property. At his arraignment, the court set bail at $3,000 bond or $1,000

**1.** The facts below are taken from the Amended Complaint and the documents attached to it or incorporated by reference. The Court accepts these facts as true for the purposes of ruling on a motion to dismiss. *See Spool v.* *World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir.2008). Except where specifically referenced, no further citation to these sources will be made.

cash. Woodward was unable to pay this amount and therefore remained in State custody. Woodward was released from custody on June 11, 2008 and charges against him were dismissed on September 24, 2008. Woodward alleges that the District Attorney's Office held him against his will, acting under a "jurisdictionally defective criminal complaint," between May 27, 2008 and June 11, 2008. (Amended Complaint ¶ 22.)

## II. *DISCUSSION*

### A. *LEGAL STANDARD APPLICABLE TO A RULE 12(B)(6) MOTION TO DISMISS*

Dismissal of a complaint under Rule 12(b)(6) is appropriate if the plaintiff fails to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially-plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In order to state a claim, the factual allegations contained in the pleading "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.,* 383 F.Supp.2d 566, 574 (S.D.N.Y. 2005) (citation and quotation marks omitted).

In deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Iqbal,* 129 S.Ct. at 1950 ("When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.

▉ In the case of a *pro se* litigant, the court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004). However, even *pro se* plaintiffs asserting civil rights claims are not exempt from Twombly's threshold that the pleadings must contain factual allegations sufficient to raise a "right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

### B. *WOODWARD'S CLAIM AGAINST THE DISTRICT ATTORNEY'S OFFICE*

▉ The capacity of the District Attorney's Office to be sued is determined by New York law. *See* Fed.R.Civ.P. 17(b). "Under New York law, the [District Attorney's Office] does not have a legal existence separate from the District Attorney." *Gonzalez v. City of New York,* 1999 WL 549016, at *1 (S.D.N.Y. July 28, 1999). Correspondingly, the District Attorney's Office is not a suable entity. *See Steed v. Delohery,* No. 96 Civ. 2449, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998); *see also Jacobs v. Port Neches Police Dept.,* 915 F.Supp. 842 (E.D.Tex.1996) ("A county district attorney's office is not a legal entity capable of suing or being sued.").

■ To the extent that Woodward seeks to assert claims against the District Attorney's Office in federal court, his claims are also barred by the Eleventh Amendment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d. Cir.1993). The Eleventh Amendment bars a suit by a citizen of a state against that state or one of its agencies, absent the state's consent to such a suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). It is also well established that Congress did not intend to abrogate the states' immunity by enacting § 1983. *See Quern v. Jordan*, 440 U.S. 332, 343–45, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

■ The District Attorney's Office is an agency of the State of New York. *See Ying Jing Gan*, 996 F.2d at 536 ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." (citation omitted)). Accordingly, the Court finds that Woodward's claims against the District Attorney's Office are barred by the Eleventh Amendment and must be dismissed.

## C. WOODWARD'S CLAIM AGAINST A.D.A. JOHN DOE

■ The Amended Complaint names A.D.A. John Doe as a defendant and identifies him as the official who ordered Woodward held in custody against his will. However, Woodward has not identified A.D.A. John Doe by name or served him with process in this matter.

Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve all defendants to an action within 120 days after filing his complaint. If a plaintiff fails to serve a defendant with process within this time limit but shows good cause for the failure, the Court is required to extend the time for service. *See id.* If no good cause is shown, the Court may dismiss the complaint *sua sponte* without prejudice. *See id.*; *Cusamano v. Sobek*, 604 F.Supp.2d 416, 502 (N.D.N.Y.2009). The Court's public file for this case contains no record that such service has been made and no communication with the Court suggests otherwise. Additionally, more than 120 days have transpired between the date on which Woodward filed the complaint and the date of the Court's dismissal Order in this proceeding.

■ Even if Woodward identified and served an Assistant District Attorney with process, the Court is not persuaded that Woodward's claims against that individual could proceed. "It is ... well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir.2005) (citations and quotation marks omitted). Moreover, a state prosecutor's immunity renders him "absolutely immune from liability under Section 1983 for [his] conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (quoting *Imbler v. Pachtman*, 424, U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

Woodward alleges that A.D.A. John Doe "held [him] in custody against his will, restraint of freedom, and deny [sic] liberty for a period of May 27, 2008 to June 11,2008, on a criminal complaint that was jurisdictionally defective or legally insuffi-

cient." (Amended Complaint ¶ 22.) The Court, however, is persuaded that all allegations against A.D.A. John Doe found in the Amended Complaint involve conduct associated with a state district attorney's prosecutorial functions. Thus, even if Woodward had named an individual prosecutor, the Court finds that he or she would be absolutely immune from liability from Woodward's claims. Accordingly, the Court now dismisses the action with respect to A.D.A. John Doe.

### D. *WOODWARD'S CLAIMS AGAINST DUANE READE AND TWO UNIDENTIFIED DUANE READE EMPLOYEES*

■ Woodward also alleges that Duane Reade and two unidentified Duane Reade employees violated his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. Woodward additionally asserts pendent state law claims of negligence and assault and battery against these defendants.

The Eighth Amendment applies only to claims of cruel and unusual punishment imposed on an individual after he or she has been convicted of a crime. *See Whitley v. Albers*, 475 U.S. 312, 318–19, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" (quoting *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977))). It is also well established that the Fourteenth Amendment applies only to state action. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Actions of a private entity such as Duane Reade "are attributable to the State [only] if 'there is a sufficiently close nexus between the State and the challenged action of the ... entity

so that the action of the latter may be fairly treated as that of the State itself.'" *United States v. Stein*, 541 F.3d 130, 146 (2d Cir.2008) (*quoting Jackson*, 419 U.S. at 351, 95 S.Ct. 449). Woodward's Amended Complaint contains no factual allegations asserting that the Duane Reade defendants acted wrongfully in concert with any municipal or state employees, or establishing any connection among them from which a reasonable inference could be drawn that Defendants' actions were improperly interrelated so as to constitute unlawful state action sufficient to satisfy the Fourteenth Amendment standard. Accordingly, the Court concludes that Woodward's Eighth and Fourteenth Amendment claims against defendants Duane Reade and two unknown Duane Reade employees must be dismissed.

Because the Court has granted the District Attorney's Office's motion to dismiss Woodward's § 1983 claim, there are no remaining claims over which the Court has original jurisdiction. The Court declines to exercise pendent jurisdiction over Woodward's asserted state law claims, "since when all bases for federal jurisdiction have been eliminated from a case so that only pendent state law claims remain, the federal court should ordinarily dismiss the state claims." *David v. FMS Services*, 475 F.Supp.2d 447, 450 (S.D.N.Y.2007) (*quoting Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir.1988)). Woodward's state common law claims are therefore dismissed without prejudice to refiling in an appropriate court.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 23) to dismiss the complaint of plaintiff Michael Woodward ("Woodward") against the Office of the New York County Dis-

trict Attorney with prejudice is GRANTED;

**ORDERED** that Woodward's claims against defendant Assistant District Attorney John Doe are dismissed;

**ORDERED** that Woodward's claims against defendants Duane Reade, Inc., and the two unidentified Duane Reade employees based on the Eighth and Fourteenth Amendments are dismissed.

**ORDERED** that the Court dismisses Woodward's remaining state law claims in this action without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**