450 So.2d 240 (1984)
PINELLAS COUNTY, Appellant,
v.
John Philip BROWN, Appellee.
No. 83-1832.
District Court of Appeal of Florida, Second District.
April 13, 1984.
Rehearing Denied May 17, 1984.
W. Gray Dunlap, County Atty., and Susan Hamilton Churuti, Asst. County Atty., Clearwater, for appellant.
*241 James A. Helinger, Jr., P.A., Clearwater, for appellee.
SCHEB, Judge.
Pinellas County challenges the trial court's order holding that Brown is entitled to compensation for the county's "taking" of his property interests. We affirm.
On May 16, 1972, Pinellas County, as lessor, entered into a long-term lease agreement with Pinellas Industrial Airpark, Inc. (PIA). The lease provided that it could not be "assigned or sub-leased by Lessee without the prior written consent of the Lessor, which consent shall not be unreasonably withheld." In December 1980, PIA entered into an agreement with appellee John P. Brown for the sale and assignment of all of its leasehold interest. Brown made a deposit of $2,000 against the agreed purchase price of $222,000. The contract between the parties provided that it was "subject to and expressly contingent upon ... [a]ssignment of present lease from Pinellas County to Buyer under present terms and conditions."
For reasons not disclosed by the record, the Pinellas County Board of County Commissioners, in February 1981, voted not to approve the assignment from PIA to Brown. The following June, the board directed condemnation of the subject property. Under threat of condemnation, the county acquired PIA's unexpired leasehold for $220,000. No payment was made by the county to Brown.
In September 1981, Brown filed an inverse condemnation action against the county. The thrust of his second-amended complaint was that the county's wrongful refusal to approve PIA's sale and assignment constituted a taking of Brown's right in the real property. The case was subsequently set for jury trial. The court issued a pretrial order determining that the only issue to be tried was whether the county's withholding of consent to the assignment constituted a taking of private property without payment of full compensation.
The jury returned a special verdict form answering the question in the affirmative. The trial court then entered a partial final judgment finding that the county's actions "constituted a wrongful ... taking of a private property right ... without the payment of full compensation therefore, contrary to the provisions of Article X, Subsection 6(a), of the Florida Constitution." The court further ordered that a jury would be impanelled at a later date to determine the full compensation due to Brown from the county.
This appeal by the county is taken from the court's nonfinal order determining liability in favor of Brown. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). The only point raised by the county is whether the trial court erred in determining that Brown was an "owner" for the purposes of article X, section 6(a), of the Florida Constitution.
Initially, the county points out that Brown's contract was contingent on its approving assignment of the lease. Since it withheld approval, the county argues, Brown never acquired an interest in the condemned property sufficient to entitle him to an award of compensation. Brown, on the other hand, contends that but for the county's unreasonable withholding of its consent to his contract, he would have acquired a vested ownership interest in real property. As such, he claims he is entitled to compensation for the taking of that interest.
In an action for inverse condemnation, an essential element is proof of a taking by the governmental body. Kendry v. Division of Administration, State Department of Transportation, 366 So.2d 391 (Fla. 1978); State Department of Health & Rehabilitative Services v. Scott, 418 So.2d 1032 (Fla. 2d DCA 1982). Here, the county argues that nothing has been "taken" from Brown, because he never had a recognized interest in the property. Thus, it suggests that its payment to PIA exonerates it from further liability and that Brown should look to PIA, if anywhere, for any portion of the purchase price due him. We disagree.
*242 In order for Brown to bring an action against the county to recover compensation for a taking, he must have an interest in the property entitling him to sue. Art. X, § 6(a), Fla. Const.; 21 Fla. Jur.2d Eminent Domain § 154 (1980). The definition of "property" in condemnation cases is sufficiently broad to extend to intangible and incorporeal rights, such as contractual obligations and leasehold interests. See State Road Department v. White, 161 So.2d 828 (Fla. 1964); 21 Fla. Jur.2d Eminent Domain § 16 (1980); 26 Am.Jur.2d Eminent Domain § 81 (1966). However, each factual situation involving the issue of taking must be judicially determined on an individual basis. Scott.
In this case Brown was an intended beneficiary of the lease agreement with PIA, and once he acquired his assignment, he had an interest in the property. The county makes no argument here as to the reasonableness of its nonconsent. Thus, for the purpose of this decision, the question appears settled that the county's withholding of consent was unreasonable. It follows that the county should not now be allowed to raise its refusal to consent as a defense to assignment of the lease. See 2 J. Sackman, Nichols on Eminent Domain, § 5.06 (1983). We hold that Brown has an ownership interest in the subject property entitling him to bring this action.
In light of our decision, the county must pay Brown a reasonable value for his interest in the property as of the date of the taking. County of Volusia v. Pickens, 439 So.2d 276 (Fla. 5th DCA 1983). The date of taking here was the date when the county reacquired the unexpired lease from PIA.
We note that Brown was entitled to purchase the leasehold interest for $222,000. However, he has not yet paid any money to PIA other than a $2,000 deposit. Since Brown has only paid a deposit on the property, he is only entitled to recover compensation for the loss of his bargain. Thus, if the jury determines the value of the leasehold to be in excess of $222,000, Brown should receive the amount that the value exceeds $222,000. However, if the jury determines the value to be less than $222,000, then Brown will have suffered no loss[1] and, consequently, will not be entitled to an award of compensation.
Accordingly, we affirm the partial final judgment and remand for further determination of compensation due Brown.
GRIMES, A.C.J., and LEHAN, J., concur.
NOTES
[1] Of course, if Brown has not received the return of his $2,000 deposit, his cause of action for that sum would be against PIA.