469 So.2d 941 (1985)
Donald CRIGGER and Elaine Crigger, Appellants,
v.
FLORIDA POWER CORPORATION, Appellee.
No. 84-944.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
Leslie R. Gardieff, Crystal River, for appellants.
H. Rex Owen and Bruce Crawford of Owen & McCrory, St. Petersburg, for appellee.
COBB, Chief Judge.
This appeal is from an order of taking in an inverse condemnation action. We have jurisdiction in this cause, as the order of taking grants to Florida Power Corporation the "full right of possession" to a requested right-of-way easement, simultaneous with the posting of a sum designated in the order (double the amount of the good-faith estimate). Clearly, the order does more than merely determine the date of the condemnor's wrongful appropriation of the property; it determines the legal right to immediate possession of property per Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). While the appellants' points on appeal focus primarily on the question of the date of the taking, this focus does not render this appeal nonjusticiable. *942 The question of the date of the taking is an integral part of a determination of the right to immediate possession of property, and is an essential predicate to the subsequent trial on full and just compensation.
The evidence in this case establishes that there was in fact a taking by Florida Power. The point that is not clear is the date of the taking. The trial court's conclusion that the date of taking was October 26, 1976, is not based on competent and substantial evidence. Accordingly, we reverse and remand for an evidentiary hearing to determine the proper date of taking, which would be the date Florida Power first wrongfully appropriated the property described in the appellants' complaint.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
This case involves the appeal of an order of taking in an inverse condemnation case.
Because this is an inverse condemnation case[1] in which the property has been taken or appropriated by the defendant, Florida Power Corporation in fact[2] rather than through the formal exercise of the power of eminent domain in an action instituted by defendant under Chapters 73 and 74, Florida Statutes, the taking in this case occurred when Florida Power Corporation first actually used the plaintiff's property without the plaintiff's consent and not when the plaintiff surrendered possession under an order of taking issued pursuant to Section 74.051, Florida Statutes.
The situation here is like that contemplated by Section 73.041, which provides for the acquisition or perfection of the title to an interest in land the condemning authority is already using. The purported "order of taking" in this inverse condemnation case in substance merely states the trial court's interlocutory determination of the date of appropriation for the purpose of later determining defendant's proper compensation. It does not constitute a non-final order determining the right to immediate possession of property, the review of which is authorized by Rule 9.13 (a)(3)(C)(ii), Florida Rules of Appellate Procedure, and this appeal should be dismissed.
As to the substantive point reached in the majority opinion, because Crigger suffered no damages before his cause of action accrued, the proper date of taking for the purpose of calculating damages, should be the date when plaintiff's cause of action against Florida Power for inverse condemnation actually accrued, which was the date when Florida Power's use of the land in question first became wrongful as to, and actionable by, plaintiff, whatever the facts determine that date to be.
NOTES
[1] See Crigger v. Florida Power Corporation, 436 So.2d 937 (Fla. 5th DCA 1983).
[2] See 21 Fla.Jur.2d Eminent Domain § 161 (1980).