COWART, Judge.
Florida Power Corporation was using a power line across certain land under *1323 an easement executed by a prior landowner (Lilly), who had but a one-eighth interest in the land, when the present landowners, Donald and Elaine Crigger, bought the land in 1974. The power company requested the Criggers to grant a written easement for an expanded use of the power line. On October 26, 1976, the Criggers refused to execute the requested easement. The Criggers tolerated the power company’s actual usage until August 21, 1979, when they wrote the power company and ordered it to get off the land, to cease trespassing, and to remove its facilities. In Crigger v. Florida Power Corporation, 436 So.2d 937 (Fla. 5th DCA 1983), this court determined that the Criggers terminated the power company’s license and permissive use as to their seven-eighths interest in the land concerning which the power company had no easement when they wrote the power company and objected to its use. In a subsequent eminent domain proceeding, the power company sought to take an easement 100 feet wide which included the existing power line. The Criggers argued that the taking should be limited to the power company’s actual use of its existing facilities and that an easement 100 feet wide should not be allowed. The trial court (1) allowed the power company to take an easement 100 feet wide and (2) found that the date of taking was October 26, 1976, the date the Criggers refused to give the power company the written easement it requested. On a second appeal, in Crigger v. Florida Power Corporation, 469 So.2d 941 (Fla. 5th DCA 1985), this court reversed the determination that the date of taking was October 26,1976 and remanded. On remand the trial court found the date of taking to be 1957. The Criggers now appeal for the third time. We again reverse, and hold that the power company’s use of the seven-eighths interest concerning which it had no easement became adverse and without permission and constituted a taking when the Criggers terminated the power company’s permissive use of that interest by letter dated August 21, 1979. Therefore, as to the land actually being used by the power company, the correct date of the taking of Criggers’ seyen-eighths interest in that land was August 21, 1979, the date of the Criggers’ letter. The power company’s attorney stipulated to that date before the trial court at a hearing on September 3, 1985.
The Criggers also argue on this appeal that the extent of the taking should be the use the power company is actually making of the land and not an easement 100 feet wide. The trial court’s determination that the power company needs the 100 foot wide right of way to serve the public is based on evidence presented by the power company. The issue of the size of the easement and extent of the taking was presented by the Criggers in the second appeal and not reversed. Therefore, the trial court’s ruling was impliedly affirmed, became the law of the case and res judica-ta, is not properly the subject of a second challenge on this appeal, and it is affirmed.
The power company appropriated the balance of the 100 foot easement through an eminent domain action pursuant to chapter 74, Florida Statutes. To the extent that the 100 foot easement exceeds the seven-eighths interest in land in actual use previously appropriated by the power company from the Criggers on August 21, 1979, there was a new and additional “taking” of additional land with a new and different date of taking. Under section 74.061, Florida Statutes, for the purpose of computing compensation, the 100 foot wide easement was “taken” immediately upon the making of the good faith deposit required by sections 74.051(2) and (3), Florida Statutes, by the power company under the order of taking dated May 30,1984, which was the first of the two orders of taking entered herein.[1]
*1324 Accordingly, we affirm as to the extent of the taking, reverse as to the date of taking, and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.

. Because the 100 foot right-of-way taken by formal direct eminent domain action in 1984 includes the August 21, 1979, "inverse” taking of the Criggers’ seven-eighths interest in the land actually being used by the power company, the compensation for both takings with their different dates of taking can be determined as follows:
*1324 (A) have the jury determine the full value of the power company's actual use of its power line over the Criggers’ property as of August 21, 1979.
(B) have the jury determine the full value of the 100 foot wide easement as of its date of taking in 1984.
The amount of compensation to be paid to the Criggers can then be computed in either of two ways:
(1) subtract the sum found in (A) from the sum found in (B), and to the difference add a sum equal to seven-eighths of (A) (being the value of the Criggers’ seven-eighths interest on August 21, 1979), or
(2) by awarding the Criggers the sum found in (B) reduced by a sum equal to one eighth of (A) (being the value of the power company’s rights on August 21, 1979 under the Lilly easement).