655 So.2d 196 (1995)
CITY OF KEY WEST, Appellant,
v.
Donald BERG, Appellee.
No. 94-2289.
District Court of Appeal of Florida, Third District.
May 24, 1995.
Rehearing Denied June 21, 1995.
Johnson, Anselmo, Murdoch, Burke & George and Michael T. Burke, Ft. Lauderdale, for appellant.
Mattson & Tobin and James S. Mattson, Key Largo, for appellee.
Before HUBBART, JORGENSON and GREEN, JJ.
PER CURIAM.
This is an appeal by the defendant City of Key West from an adverse interlocutory order entered after a non-jury trial in which the trial court ruled in favor of the plaintiff Donald Berg on the issue of liability on a regulatory "taking" claim in an inverse condemnation action. We have jurisdiction to entertain this interlocutory appeal because the non-final order appealed from "determine[s] ... the issue of liability in favor of a party seeking affirmative relief." Fla. R.App.P. 9.130(a)(3)(C)(iv); see Art. V, § 4(b)(1), Fla. Const.; Broward County v. Wakefield, 636 So.2d 123 (Fla. 4th DCA 1994); Division of Admin., State of Fla. Dep't. of Transp. v. Mobile Gas Co., 427 So.2d 1024, 1025 (Fla. 1st DCA), rev. denied, 437 So.2d 677 (Fla. 1983).
Without burdening this opinion with the complex facts of the instant case, suffice it to say that we conclude, contrary to the trial court's determination, that the plaintiff's regulatory "taking" claim is not ripe for judicial determination in this action. The trial court found that the defendant City of Key West's 1994 Comprehensive Plan [Plan] restricts the development of wetlands in the City of Key West to such an extent that: (1) eight of the policies stated in the Plan would prevent any development of plaintiff's wetlands property, and (2) at best, the Plan would allow the construction of only one homesite on plaintiff's property, amounting to a market value of $100,000 if built facing the ocean; in addition, the Plan allows the City to grant a "beneficial use" exception to an applicant under limited circumstances when the literal application of the Plan's provisions would deny all economically reasonable or viable use of the subject property. The plaintiff, however, has made no application to the City of Key West to develop his property under the provisions of this Plan, and, thus, it cannot be determined at this time whether the subject Plan has deprived the plaintiff of substantially all economically beneficial use of the property, a prerequisite showing in order to establish plaintiff's regulatory "taking" claim; in this respect, we do not agree with the trial court that it would be futile for the plaintiff to make such an application. City of Jacksonville v. Wynn, 650 So.2d 182, 187 (Fla. 1st DCA 1995); Estate of Tippett v. City of Miami, 645 So.2d 533 (Fla. 3d DCA 1994), rev. dismissed, 652 So.2d 819 (Fla. 1995); Tinnerman v. Palm Beach County, 641 So.2d 523 (Fla. 4th DCA 1994).
*197 The order under review is reversed, and the cause is remanded to the trial court to (1) dismiss the regulatory "taking" claim as not being ripe for judicial determination, and (2) to conduct further proceedings on the "taking" by flooding claim which is still pending in the instant action.
Reversed and remanded.