692 So.2d 998 (1997)
PALM BEACH COUNTY, Appellant,
v.
COVE CLUB INVESTORS LTD., d/b/a Sandalfoot Country Club, a Florida Limited Partnership, Appellee.
No. 96-0367.
District Court of Appeal of Florida, Fourth District.
May 7, 1997.
*999 Denise Dytrych, County Attorney, and Barry S. Balmuth, Assistant County Attorney, West Palm Beach, for appellant.
David D. Welch of Welch & Finkel, Pompano Beach, for appellee.

ON MOTION TO CERTIFY QUESTION
PER CURIAM.
We grant the appellant's motion for certification, withdraw our previous opinion and substitute the following in its place.
Palm Beach County has appealed a judgment in favor of appellee Cove Club Investors, Ltd. in its claim of inverse condemnation. The trial court determined in this judgment that a taking of property had occurred. Valuation is scheduled for separate proceedings to follow. The judgment is an appealable non-final order under rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure. For reasons set forth below, we affirm.
On November 21, 1989, Palm Beach County took title to a residential mobile home lot, which it acquired by eminent domain for use in a road widening project. Title to the property was subject to a 1969 recorded Declaration of Conditions, Covenants, Restrictions and Reservations Affecting Property Located in Sandalfoot Cove. This Declaration included a provision that each lot owner in the subdivision was required to pay Cove Club Investors, Ltd. a monthly recreation fee in exchange for the right to utilize the recreational facilities of the Sandalfoot Cove Country Club, which included a golf course and country club. Palm Beach County has not paid the monthly recreation fee since it acquired the lot.
Appellee Cove Club Investors, Ltd. filed an inverse condemnation action in 1994, alleging that Palm Beach County took from it a property right, namely the stream of income from that monthly recreation fee.
The trial court held an evidentiary hearing on the question of whether there had been a taking, and entered its judgment finding inverse condemnation, reserving jurisdiction for the valuation trial. The trial court found that Cove Club Investors, Ltd. had a vested, valuable property right pursuant to the Declaration to receive recreation fee income attributable to the mobile home lot taken by the County and that this right had been taken by inverse condemnation.
The trial court's determination on liability in an inverse condemnation suit is presumed correct and its findings will not be disturbed on appeal if supported by competent, substantial evidence. Department of Agric. & Consumer Servs. v. Mid-Florida Growers, Inc., 521 So.2d 101, 104 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988). Here, the trial court's order was based largely on a factually stipulated record and determinations of law.
For example, the judgment is based largely on the court's distinction of Board of Public Instruction of Dade County v. Town of Bay Harbor Islands, 81 So.2d 637 (Fla.1955), in which the supreme court held that restrictions in a town subdivision plan against the erection or maintenance of buildings other than residences, duplexes, apartments or hotels on town lots did not vest in owners of other lands in the subdivision property rights for which compensation must be paid if the lots are taken for and devoted to public use. The trial court here said that Bay Harbor involved a building restriction only, and not a property interest on which a monetary value could be assessed. The Declaration in this case was not a mere building restriction, but rather was found to be a mutual covenant running with the land between each lot owner and Cove Club Investors, Ltd., by which the lot owner paid a determined sum and Cove Club Investors, Ltd. was obliged to operate its golf course and country club facilities for all lot owners. The trial court said *1000 that even after the taking here, Cove Club Investors, Ltd. remained obligated to operate its facilities for all lot owners during the term of the Declaration, and found that it follows that Palm Beach County is not relieved of its constitutional responsibility to pay full compensation.
We agree with this distinction of Bay Harbor. The Declaration in this case vested in Cove Club Investors, Ltd., a property right to a determinable monthly income from each mobile home lot owner. It created a covenant running with the land, a property right, and was more than a mere contract right. Equally distinguishable is North Dade Water Co. v. Florida State Turnpike Authority, 114 So.2d 458 (Fla. 3d DCA 1959), dismissed, 120 So.2d 621 (Fla.1960), in which the third district held, inter alia, that a contract between an owner-developer of a subdivision and a utility company giving the company the exclusive right to provide water and sewer facilities did not create a property right for which compensation on condemnation could be awarded to the utility company. Again, that contract was not a property right or covenant running with the land which could give the utility company the right to compensation upon condemnation. Similarly distinguishable is Division of Administration, Department of Transportation v. Ely, 351 So.2d 66 (Fla. 3d DCA 1977), where a gas company's contract with a mobile home park to supply gas to home trailers in the park was found not to create a property right compensable upon condemnation.
We reject appellant Palm Beach County's argument that the trial court's judgment that the Declaration vested in Cove Club Investors, Ltd. a property right contravenes public policy because it could place on the County and thus the public an intolerable burden. Public policy in this state requires the payment of full compensation for the taking of private property. Art. X, § 6, Fla. Const. This policy controls regardless of the sum ultimately awarded.
It should be noted here that this appeal is from an interlocutory order establishing only that inverse condemnation has occurred. The matter of valuation has not been reached yet and thus is not before this court. We would say on the issue of valuation only that the jury may consider the present value of the future income stream to Cove Club Investors, Ltd. from the monthly recreation fee, as well as any other proper evidence of value. The ultimate valuation should be something other than a simple multiplier of the monthly fee and the duration of the Declaration requiring its payment, however. See generally Department of Agric. & Consumer Servs. v. Polk, 568 So.2d 35 (Fla.1990).
We grant appellant's motion for certification and certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER THE RIGHT OF A PRIVATE COUNTRY CLUB TO RECEIVE A STREAM OF INCOME FROM A MONTHLY RECREATION FEE ASSESSED AGAINST THE OWNER OF A RESIDENTIAL MOBILE HOME LOT CONSTITUTES A PROPERTY RIGHT COMPENSABLE UPON INVERSE CONDEMNATION BY THE COUNTY FOR USE OF THAT LOT IN A PUBLIC ROAD WIDENING PROJECT?
We reject appellant Palm Beach County's remaining arguments.
GUNTHER, C.J., and POLEN, J., concur.
DELL, J., concurs in the certification of the question to the supreme court and dissents without opinion from the majority opinion.