780 So.2d 158 (2001)
Richard James RANDLES, Appellant,
v.
Michael W. MOORE, as Secretary of the Florida Department of Corrections, Appellee.
No. 2D00-1386.
District Court of Appeal of Florida, Second District.
January 12, 2001.
Steven G. Mason, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Locksley O. Wade, *159 Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Richard James Randles challenges the trial court's order dismissing with prejudice his amended complaint against Michael Moore as Secretary of the Florida Department of Corrections. We reverse.
While an inmate at the Zephyrhills Correctional Institution, Randles was assigned to work in the medical/psychiatric ward of the prison. In three separate incidents, he was ordered to clean up massive amounts of blood from other inmates who had either accidentally wounded themselves or attempted suicide. He alleged that prior to these incidents, he had obtained normal results for blood tests when checked for HIV. His complaint alleged that the officer who ordered him to clean up the blood refused to provide the appropriate blood spill kits which included protective clothing, goggles and gloves. He further alleged that on one occasion, the gloves that were supplied were torn. A few months later, he began to feel tired and run down. Further blood testing resulted in a positive test for HIV. Randles filed the complaint alleging that the negligence of the officer was the cause of his illness.
The State moved to dismiss the complaint and argued that the action is barred by sovereign immunity. Specifically, the State alleged that the officer's action was criminal misconduct and that the State could not be held responsible for such misconduct. The trial court granted the motion with prejudice.
The standard to be applied when reviewing an order granting a motion to dismiss is de novo. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297 (Fla. 1st DCA 1999). Additionally, we must limit our examination to the four corners of the complaint. See Wilson v. News-Press Publishing Co., 738 So.2d 1000, 1001 (Fla. 2d DCA 1999). An affirmative defense may be a basis for a motion to dismiss only if it appears within the four corners of the complaint. See Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2d DCA 1995).
For the court to dismiss the complaint based on section 768.28(9)(a), Florida Statutes (1999), the complaint must allege that the acts were taken by the employee (1) while acting outside the scope of his employment; (2) in bad faith; (3) with malicious purpose; or (4) in a manner exhibiting wanton and wilful disregard of human rights, safety, or property. A review of this complaint does not show any of these allegations.
The complaint alleges that on one occasion the gloves were torn but does not allege that the officer knew of the tear. The complaint alleges that Randles had cuts on his hand and suggests that the prison nurse could vouch for the allegation. However, these allegations do not "affirmatively and clearly show the applicability of the defense." See Vause v. Bay Medical Center, 687 So.2d 258, 261 (Fla. 1st DCA 1996).
We reverse and remand for further proceedings.
THREADGILL, A.C.J., and GREEN, J., concur.