830 So.2d 139 (2002)
OSCEOLA COUNTY, Florida, and Department of Environmental Protection, Appellants,
v.
BEST DIVERSIFIED, INC., a Florida Corporation, and Peter L. Huff, Appellees.
Nos. 5D02-190, 5D02-270.
District Court of Appeal of Florida, Fifth District.
September 27, 2002.
Rehearing Denied November 12, 2002.
Jo O. Thacker, Osceola County Attorney, Kissimmee, Scott J. Johnson of Holland & Knight, LLP, Orlando, and Steven L. Brannock and David C. Borucke of Holland & Knight, LLP, Tampa, for Appellant Osceola County, Florida.
L. Kathryn Funchess, Assistant General Counsel, Tallahassee, for Appellant Department of Environmental Protection.
Gordon H. Harris, Tracy A. Marshall and Mickey R.E. Ware of Gray, Harris & Robinson, P.A., Orlando, for Appellees.
SAWAYA, J.
Osceola County ("County") and the Department of Environmental Protection ("DEP") attempted to appeal the non-final order finding County and DEP liable to Peter L. Huff and Best Diversified, Inc. (hereinafter referred to collectively as "Best"). We find that this court lacks jurisdiction and accordingly dismiss the appeal.
This action originally arose out of County's denial of Best's zoning application to use its property as a landfill and DEP's refusal to issue a general permit to allow Best to put its property to such a use. *140 Best alleged, and the trial court ultimately found, that County and DEP's denials "inordinately burdened" Best's property under the Bert J. Harris, Jr., Private Property Rights Protection Act, section 70.001, Florida Statutes, (the "Harris Act") and constituted an inverse condemnation of said property. County and DEP appealed, claiming that the trial court erred in finding that Best's property was inversely condemned and that Best suffered an inordinate burden under the Harris Act.
This court sua sponte ordered County and DEP to show cause why the appeal should not be dismissed for lack of jurisdiction. In response, County and DEP asserted that this court has jurisdiction over the inverse condemnation claim under rule 9.130(a)(3)(C)(ii), which allows for an interlocutory appeal of an order that determines the right to immediate possession of property. Additionally, County and DEP argued that the Harris Act specifically confers jurisdiction on this court to hear an interlocutory appeal from an order which finds that the state, or an agency thereof, has inordinately burdened private property.
The following discussion will first examine this court's jurisdiction, vel non, with regard to the inverse liability issue and then will analyze the same as it pertains to the claim of an inordinate burden under the Harris Act.
Previous appellate court decisions reviewing non-final orders finding liability in inverse condemnation suits have based their jurisdiction on rule 9.130(a)(3)(C)(iv). For example, Palm Beach County v. Cove Club Investors Ltd., 692 So.2d 998 (Fla. 4th DCA 1997); City of Key West v. Berg, 655 So.2d 196 (Fla. 3d DCA 1995); Broward County v. Wakefield, 636 So.2d 123 (Fla. 4th DCA 1994); and Pinellas County v. Brown, 450 So.2d 240 (Fla. 2d DCA 1984), allowed the appeals to go forward, finding jurisdiction pursuant to rule 9.130(a)(3)(C)(iv), which permitted review of non-final orders determining the issue of liability in favor of a party seeking affirmative relief. However, this subdivision of rule 9.130 was repealed by the 2000 amendments. See Fla. R.App. P. 9.130 committee notes (providing, under the 2000 amendments, that "[s]ubdivision (a)(3)(C)(iv) allowing review of orders determining `the issue of liability in favor of a party seeking affirmative relief' was deleted so that such orders are not appealable until the conclusion of the case.") (effective Jan. 1, 2001). There is no other subdivision of rule 9.130 which would be a valid basis for jurisdiction over the inverse condemnation portion of the present appeal. See Fla. R.App. P. 9.130.[1]
With regard to the Harris Act, it is true that section 70.001(6)(a), Florida Statutes, provides, "A governmental entity may take an interlocutory appeal of the court's determination that the action of the governmental entity has resulted in an inordinate burden." § 70.001(6)(a), Fla. Stat (2001). However, the Florida Constitution does not authorize the Legislature to provide for interlocutory appeals. See Art. V, § 4(b), Fla. Const. Any statute purporting to grant the right to take an interlocutory appeal is merely a declaration of legislative policy and is ineffective *141 to accomplish its purpose; only if the Florida Supreme Court incorporates the statutory language into the appellate rules can appellate jurisdiction be broadened. State v. Gaines, 770 So.2d 1221 (Fla.2000); State v. Smith, 260 So.2d 489 (Fla.1972). Because the supreme court has not amended rule 9.130 to provide for appellate jurisdiction over interlocutory appeals from orders finding the state, or an agency thereof, liable for inordinately burdening property, this court does not have jurisdiction over the instant case.
Accordingly, since good cause has not been shown, this appeal is dismissed.
DISMISSED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] County and DEP cite Crigger v. Florida Power Corp., 469 So.2d 941 (Fla. 5th DCA 1985), in support of their proposition that rule 9.130(a)(3)(C)(ii) confers jurisdiction on this court. What distinguishes the instant case from Crigger is that the order in Crigger granted Florida Power Corporation the "full right of possession" to a requested right-of-way easement, whereas there was no such grant in the non-final order appealed in this case. The lower court's order merely found County and DEP liable to Best, but did not grant them an immediate right of possession.