866 So.2d 719 (2004)
PONDELLA HALL FOR HIRE, INC., Appellant,
v.
Lawson LAMAR, State Attorney, etc., et al., Appellees.
No. 5D03-602.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
Rehearing Denied March 5, 2004.
*720 Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellant.
Lawson Lamar, State Attorney, and Joseph A. Cocchiarella and Greg A. Tynan, Assistant State Attorneys, Orlando, for Appellees.
PLEUS, J.
Pondella Hall for Hire, Inc. (Pondella) appeals a final judgment dismissing its counterclaims in a civil forfeiture suit.[1] It *721 argues that the lower court erred in dismissing its claims for damages wrongful injunction, forfeiture and takings. We affirm the dismissals of the wrongful injunction and forfeiture damage counts but reverse the dismissal of the takings counts and remand for further proceedings consistent with our analysis below.
On April 26, 1994, a search warrant was executed and personal property seized from Pondella at its place of business in Orlando, Florida. On May 24, 1994, Lawson Lamar, State Attorney for the Ninth Circuit, filed a Petition for Final Judgment of Forfeiture, Complaint for Civil Racketeering Relief and Petition for Injunctive Relief to Abate a Public Nuisance against Pondella and other defendants. On the same date, the lower court entered an order finding probable cause for the forfeiture. Shortly thereafter, Pondella filed its answer, affirmative defenses and counterclaims.
Several years passed with little activity in the case. On September 24, 2001, Pondella filed a Notice of Filing Amended Supplemental Affirmative Defenses and Counterclaims. This pleading contained three counterclaims: (1) damages for wrongful injunction, (2) damages under Chapter 932 and (3) damages for the taking of property.[2] Lamar responded by filing a Motion to Dismiss Counterclaims and Motion for Summary Judgment. Lamar alleged various grounds for dismissing Pondella's counterclaims, including: (1) prosecutorial immunity, (2) qualified immunity, (3) sovereign immunity, (4) laches, (5) insufficient pleadings and (6) statutory bars. The trial court accepted Lamar's arguments in their entirety and dismissed Pondella's counterclaim with prejudice. Pondella timely appealed the dismissal of its counterclaims.

Standard of Review
The standard of review of an order granting a motion to dismiss is de novo. Randles v. Moore, 780 So.2d 158, 159 (Fla. 2d DCA 2001). Examination must be limited to the four corners of the complaint. Id. The appellate court is "obligated to consider the allegations in the complaint as true and in the light most favorable to the pleader." Florida Farm Bureau General Ins. Co. v. Insurance Co. of North America, 763 So.2d 429, 433 (Fla. 5th DCA 2000).

Wrongful Injunction Claim
On June 28, 2002, the lower court entered an Order Dismissing Claim and Defense of Wrongful Injunction. The order recites that it was based upon Pondella's "withdrawal and dismissal of its claims ... for wrongful injunction." In its reply brief, Pondella acknowledges that this counterclaim was dismissed, but claims that it subsequently filed a "Motion for Damages pursuant to Section 60.07." We find no support for this assertion in the record. Because Pondella voluntarily dismissed this counterclaim, we affirm the dismissal with prejudice.

*722 Forfeiture Claim
In this count, Pondella alleged that "Section 932.704, Fla. Stat. requires that the seizing agency, when it does not prevail, must pay the loss of value and use of the property seized, as well as the business loss, fees and costs." The lower court dismissed this claim, finding essentially that the 1993 version of that statute, in effect when the State commenced the forfeiture proceeding, did not provide for such damages under the circumstances of this case.
Section 932.704(9)(b), Florida Statutes (1993) provided for the following damages:
(b) When the claimant prevails at the conclusion of the forfeiture proceeding, any decision to appeal must be made by the chief administrative official of the seizing agency. The trial court may require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial and prevails on appeal and the seizing agency retained the seized property during the appellate process. The trial court may also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the appellate process.
In 1995, this section was amended to read:
(b) When the claimant prevails at the conclusion of the forfeiture proceeding, any decision to appeal must be made by the chief administrative official of the seizing agency, or his or her designee. The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process.
§ 932.704(9)(b), Fla. Stat. (1995) (emphasis added).
Under the 1993 version of the statute, which was in effect at the time the 1994 forfeiture proceeding was initiated, Pondella is not entitled to damages because Lamar did not appeal Pondella's summary judgment on its forfeiture claims. Because there was no appeal taken, Pondella was not entitled to damages.
Pondella argues that the 1995 version should apply retroactively. To determine whether a statutory amendment applies retroactively, courts must engage in a two step analysis. First, they must determine whether there is clear evidence of legislative intent to apply the statute retrospectively. If the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible. Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 784 So.2d 438 (Fla.2001). In the absence of clear legislative intent, a law affecting substantive rights is presumed to apply prospectively only while procedural or remedial statutes are presumed to operate retrospectively. Basel v. McFarland & Sons, Inc., 815 So.2d 687, 692 (Fla. 5th DCA 2002).
The amendments to section 932.704(9)(b) were enacted in Chapter 95-265, Laws of Florida, which stated, "this act shall take effect upon becoming law," which occurred on June 13, 1995, when the act was approved by the governor. We believe this language expresses legislative intent that the act apply prospectively. Even if that intent is unclear, however, we find that the amendments were substantive. *723 In L. Ross, Inc. v. R.W. Roberts Const. Co., Inc., 466 So.2d 1096 (Fla. 5th DCA 1985), this court held that a statutory amendment repealing a limitation on the amount of attorneys fees recoverable in certain actions was not retroactive. The court noted that a substantive amendment is one that creates or increases a substantive legal right or obligation. Id. at 1098. Under this standard, the amendments to section 932.704(9)(b) were substantive because they expanded the right of property owners to collect damages in cases that did not get appealed. See also, St. John's Village I Ltd. v. Dep't of State, Div. of Corporations, 497 So.2d 990 (Fla. 5th DCA 1986) (holding that statutory amendment creating a $500 fine was not retroactive). Accordingly, we conclude that the trial court correctly dismissed Pondella's claim for damages under Chapter 932.

Takings Claim
In its takings counterclaim, Pondella alleged that as a result of the Lamar's actions, it lost the personal property seized, but also lost its leasehold interests and capital improvements in the real property as well as income from the property. The lower court ruled that a taking claim could only be maintained if the State continued to hold the seized property after the court has ordered it returned, citing In re Forfeiture of 1976 Kenworth Tractor Trailer Truck, Altered VIN 243340M, 576 So.2d 261 (Fla.1990) ("Kenworth").
In Kenworth, the supreme court held that the Florida Highway Patrol was liable for loss of use damages after it failed to return a truck for two years after a court ordered it returned to its owner. In so finding, the court noted that the property owner was not seeking damages for the time the truck was held during the pendency of the forfeiture case.
An earlier case did address this issue. In Morton v. Gardner, 513 So.2d 725 (Fla. 3d DCA 1987), the third district held that a property owner is not entitled to bring a takings claim for loss of use during the pendency of a lawful, but unsuccessful forfeiture action. It based its decision first on the ground that there was no cause of action at that time for a temporary taking, citing Hillsborough County v. Gutierrez, 433 So.2d 1337 (Fla. 2d DCA 1983), abrogation recognized by, Associates of Meadow Lake, Inc. v. City of Edgewater, 706 So.2d 50, 52 (Fla. 5th DCA), rev. denied, 725 So.2d 1107 (Fla.1998). As noted, both the Florida and U.S. Supreme Courts have since recognized a cause of action for a temporary taking. See First English Evangelical Lutheran Church of Glendale v. Los Angeles County, Cal., 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987); Kenworth.
However, the Morton court also grounded its conclusion on the established notion that:
Florida courts are consistent in their view that "loss of use" claims are not compensable in condemnation or seizure cases. County of Volusia v. Pickens, 439 So.2d 276, 278 (Fla. 5th DCA 1983) ("Lost profits and business damages are generally not deemed to be property for which compensation is due in the context of condemnation proceedings, absent a special statutory remedy."); City of St. Petersburg v. Wall, 419 So.2d 1167 (Fla. 2d DCA 1982) (in absence of showing of bad faith, city not liable for damages for loss of use of property during condemnation proceeding), approved, 475 So.2d 662 (Fla.1985); cf. City of Miami Beach v. Bules, 479 So.2d 205 (Fla. 3d DCA 1985) (after unsuccessful forfeiture, owner entitled to damages for loss of use during appeal by city only because clearly contemplated by court's *724 order granting city's motion to stay final judgment pending appeal).
Id. at 730 (footnote omitted).
Pursuant to Morton and Pickens, we conclude that Pondella cannot claim a taking for his lost business profits or lost capital improvements because such business losses are not considered property subject to a taking. As for Pondella's leasehold interests, it is generally true that leasehold interests are considered property subject to a takings claim, see Pinellas County v. Brown, 450 So.2d 240 (Fla. 2d DCA 1984) superceded on other grounds as noted in Osceola County v. Best Diversified, Inc., 830 So.2d 139 (Fla. 5th DCA 2002). However, it is axiomatic that an essential element of a takings claim is proof that the property was taken by the government. Id. at 241. Pondella alleged that the State seized its property and "shut down its business" and as a result, Pondella "lost" its leases. This pleading is insufficient to establish that the State took the leases. While the State certainly seized Pondella's personal property and obtained an injunction against the property owners from operating illegal bingo games on the property, it did not take Pondella's lease. Pondella's loss of the leases was incidental to lawful government action based on probable cause.
That leaves the personal property seized pursuant to the warrant. Under Morton, Pondella is not entitled to damages for the property's detention during the forfeiture proceedings. However, once the forfeiture claims were dismissed, Lamar was obligated to return it. If he unreasonably failed to return it, he is liable for damages for loss of use for the period he unreasonably withheld the property. Kenworth. It is not clear from this record whether all of the property was returned and, if so, whether it was done in a reasonable fashion. It appears that the state attorney released most, but not all, of the items shortly after his forfeiture claims were dismissed, but this evidence is outside our scope of review. Accordingly, we reverse the dismissal of the takings count as applied to the personal property and remand for further proceedings to determine whether the property was returned in a reasonable manner and if not, whether damages are due.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PETERSON, J., concurs.
ORFINGER, J., concurs in part and dissents in part, with opinion.
ORFINGER, J., concurring in part and dissenting in part.
I concur with the majority opinion except for the conclusion that Pondella's pleadings were insufficient to state a claim for its alleged loss of its leasehold interest in the property. As the majority correctly concludes, leasehold interests are considered property subject to a takings claim. Majority op. at 724. The majority also correctly concludes that "it is axiomatic that an essential element of a takings claim is proof that property was taken by the government." Id. (emphasis in original). Here, the State, acting through the State Attorney, seized Pondella's personal property and obtained an injunction against the property owners which effectively precluded them from leasing the property to Pondella. I believe that Pondella's pleadings adequately state a takings claim that should be permitted to proceed to trial.
NOTES
[1] Pondella was a business that operated bingo halls in several counties. As a result of a multi-county criminal investigation, state and local authorities seized Pondella's personal property, sought to enjoin them from operating bingo games at several locations, filed numerous criminal charges against its principals and pursued numerous civil forfeiture and RICO actions.

This case is one of several arising out of the above actions that have made their way to the appellate courts. See Department of Legal Affairs v. Bradenton Group, Inc., 727 So.2d 199 (Fla.1998); Pondella Hall For Hire, Inc. v. Lamar, 860 So.2d 19, 2003 WL 22357808 (Fla. 5th DCA 2003); Pondella Hall for Hire, Inc. v. Croft, 844 So.2d 696 (Fla. 5th DCA 2003); Pondella Hall for Hire, Inc. v. City of St. Cloud, 837 So.2d 510 (Fla. 5th DCA 2003); Eight Hundred, Inc. v. State, 781 So.2d 1187 (Fla. 5th DCA 2001).
[2] Lamar's claims against Pondella were ultimately dismissed after a summary judgment. Lamar did not appeal the dismissal.