908 So.2d 518 (2005)
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, Appellant,
v.
Coy A. KOONTZ, Jr., etc., Appellee.
No. 5D04-2113.
District Court of Appeal of Florida, Fifth District.
June 24, 2005.
Rehearing Denied August 8, 2005.
William H. Congdon, Palatka, for Appellant.
Christopher V. Carlyle, Shannon McLin Carlyle, Roy B. "Skip" Dalton, Jr., and Gilbert S. Goshorn, Jr., of The Carlyle Appellate Law Firm, The Villages, and Michael D. Jones of Michael D. Jones & Associates, P.A., Winter Springs, for Appellees.
Valerie A. Fernandez, Coral Gables, for Amicus Curiae Pacific Legal Foundation.
PER CURIAM.
We address this inverse condemnation case for the third time. In St. Johns River Water Management District v. Koontz, 861 So.2d 1267 (Fla. 5th DCA 2003) (Koontz II), we dismissed the appeal for lack of jurisdiction. We explained at that time that, despite the fact that the order was labeled a "Final Judgment," it was not final because further judicial labor was expressly contemplated. Id. After further proceedings, Appellant once again filed an appeal wherein it represented in its notice that it was challenging a "Final Judgment." The "Final Judgment," despite being labeled as such, once again is not a final order because it merely makes a finding of liability but expressly reserves jurisdiction to assess damages against Appellant for having wrongfully taken Appellee's property. As we have previously held, a finding of liability in an inverse condemnation action is neither a final order nor an appealable non-final order. Osceola v. Best Diversified, Inc., 830 So.2d 139 (Fla. 5th DCA 2002).[1]
APPEAL DISMISSED.
PALMER, J., and ORFINGER, M., Senior Judge, concur.
TORPY, J., concurs and concurs specially, with opinion.
*519 TORPY, J., concurring and concurring specially.
I am constrained to agree with the majority because we do not have jurisdiction to do otherwise. If we did, I would affirm the trial court for the reasons expressed by Judge Pleus in Koontz II. Moreover, I would add that, in my view, Appellant has waived its right to challenge the lower court's order by agreeing to issue the permit.
Pursuant to subsections 373.617(3) and (4), Florida Statutes (2003), Appellant had four choices after the lower court held that it had taken Appellee's property. It could: (1) agree to issue the permit; (2) agree to pay damages; (3) modify its decision; or (4) do nothing for 90 days, in which case the court could order Appellant to do 1, 2 or 3. Here, Appellant chose option one with the proviso that it reserved the right to challenge the court's order. The added proviso, however, is not authorized by the statute. Had Appellant wished to challenge the lower court's finding, it should have done nothing for 90 days, giving the lower court the option to order that it do 1, 2 or 3. Once an appropriate and final order was entered, Appellant would have had the right to appeal. In electing to issue the permit instead, I think Appellant waived its right to challenge the court's ruling. See Dargis v. Maguire, 156 So.2d 897 (Fla. 3d DCA 1963) (compliance with court order waives right to appeal, even if compliance expressly conditioned on reservation of right to appeal).
NOTES
[1] The instant action was not brought under the Bert J. Harris, Jr., Private Property Rights Protection Act, section 70.001, Florida Statutes (2003), because the acts of Appellant preceded the effective date of this legislation. Therefore, the recently promulgated Florida Rule of Appellate Procedure 9.130(a)(3)(C)(viii) is not available as a basis for jurisdiction.