924 So.2d 912 (2006)
STATE of Florida, Appellant,
v.
N.F., a Child, Appellee.
No. 5D05-2331.
District Court of Appeal of Florida, Fifth District.
March 24, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, J.
The State appeals the trial court's order dismissing an original and an amended petition for revocation of juvenile probation. We reverse and remand with directions that the probation violation petitions be reinstated.
N.F., a juvenile, was placed on probation in March 2005, for the offense of resisting arrest without violence. In April 2005, the State filed a petition for revocation of probation, alleging that N.F. had committed three new criminal offenses. The petition alleged that N.F. had been "found to be a delinquent child in need of supervision with [sic] the intent and meaning of Chapter 985, Florida Statutes, and was placed on Probation by Court Order on the 4th day of January, 2005[[1]] for 12 mos." It did not state the specific offense for which N.F. was on probation. In June 2005, the *913 State filed an amended petition for revocation of probation, alleging that N.F. had committed the original three criminal offenses and an additional criminal offense. Again, the amended petition did not state the specific offense N.F. was on probation for.
When the matter came before the trial court for arraignment, the trial judge expressed concern that both petitions did not specify the original charge for which N.F. was on probation. The trial court, sua sponte, dismissed the original and amended petitions, concluding that they were "constitutionally defective." The court then ordered N.F.'s release and this appeal followed.
We review an order granting a motion to dismiss de novo. State v. Walthour, 876 So.2d 594, 595 (Fla. 5th DCA 2004); Pondella Hall For Hire, Inc. v. Lamar, 866 So.2d 719, 721 (Fla. 5th DCA 2004); Randles v. Moore, 780 So.2d 158, 159 (Fla. 2d DCA 2001).
N.F. claims that the trial court's "dismissal" of the original and amended petitions for revocation of probation were "without prejudice," and, therefore, non-final and non-appealable. We disagree. "The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order and whether a question remains open for judicial determination. In other words, a final decree marks the end of judicial labor." Prime Orlando Props., Inc. v. Dep't of Bus. Regulation, Div. of Land Sales, Condos. & Mobile Homes, 502 So.2d 456, 459 (Fla. 1st DCA 1986). Accord S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Kippy Corp. v. Colburn, 177 So.2d 193 (Fla.1965); Chipola Nurseries, Inc. v. Div. of Admin., State Dep't of Transp., 335 So.2d 617 (Fla. 1st DCA 1976). We conclude that the dismissal order satisfies this test. Here, the court stated that the charging document was constitutionally defective, and "so that's dismissed and we don't need the kid." The intent of the order was to bring to an end the judicial labor in the action.
On the merits, the State argues that the trial court incorrectly determined that the petition and amended petition for revocation of probation were legally insufficient because they did not specify the original charge for which N.F. was placed on probation. The State contends that the petitions substantially complied with the approved form for revocation petitions found in Florida Rule of Juvenile Procedure 8.948.[2]
Florida Rule of Juvenile Procedure 8.948 provides the approved form for revocation of juvenile probation. See Amendments to the Rules of Juvenile Procedure, 783 So.2d 138 (Fla.2000). The State's petition for revocation of N.F.'s probation substantially complies with the approved form. The approved form does not require that a petition specify a charge for which the juvenile was placed on probation; rather, it requires only that the juvenile be informed of the date upon which the juvenile was placed on probation and the basis for the requested revocation of probation. The State's petition contained all of the information mandated by the juvenile rules. We see no constitutional defect in the information provided to N.F.
The trial court's order dismissing the petition and amended petition for revocation *914 of N.F.'s probation is reversed and remanded for further proceedings.
REVERSED AND REMANDED.
PALMER and MONACO, JJ., concur.
NOTES
[1] The correct date was March 8, 2005.
[2] The State also argues that the dismissal violated Florida Rule of Juvenile Procedure 8.035(d), which prohibits dismissals based on defects in form. While we agree, we need not address that issue.