981 So.2d 605 (2008)
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
BOARD OF SUPERVISORS OF ST. JOHN'S WATER CONTROL DISTRICT, a drainage district under the laws of the State of Florida, f/k/a Board of Supervisors of St. John's Drainage District, a drainage district under the laws of the State of Florida; First National Bank and Trust Company of the Treasure Coast, N.A.; and Indian River County, a political subdivision, Appellees.
No. 4D07-3450.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
Rehearing Denied June 16, 2008.
Alexis M. Yarbrough, General Counsel and Gregory G. Costas, Assistant General Counsel, Tallahassee, for appellant.
Michael O'Haire of O'Haire, Quinn, Candler & Casalino, Chartered, Vero Beach, for appellee Board of Supervisors of St. John's Water Control District.
DAMOORGIAN, J.
The State of Florida, Department of Transportation (FDOT), appeals from an order of inverse condemnation in favor of the Board of Supervisors of St. John's Water Control District (St.John's), and the subsequent final judgment awarding compensation. We reverse because the trial court erred in determining the date of valuation for compensation.
By way of background, this action began in 2001 as an eminent domain taking, by FDOT, of Parcel 104 in Indian River County. FDOT appropriated Parcel 104 and adjacent land constituting a canal right of way, now known as Parcel 104A, to widen State Road 60. An order of taking was issued for Parcel 104 in July of 2001. The road widening project began sometime in 2002 by clearing the land and filling in the canal right of way on Parcel *606 104A. St. John's filed an inverse condemnation counterclaim as to Parcel 104A.
At the inverse condemnation hearing on May 30, 2006, the trial court found in favor of St. John's. The court's order utilized the May 30th, 2006 trial date for purposes of valuation for compensation pursuant to section 73.071(2), Florida Statutes (2006). After the trial on compensation, St. John's was awarded $5,131,037.00 as to Parcel 104A. FDOT asserts that the trial court erred in utilizing the trial date as the date of valuation.
In response, St. John's first argues that this Court does not have jurisdiction to review the order on inverse condemnation. We disagree. In this case, a final judgment awarding compensation has been entered. Therefore, this court has jurisdiction. See Osceola County v. Best Diversified, Inc., 830 So.2d 139 (Fla. 5th DCA 2002); see also St. Johns Water Mgmt. Dist. v. Koontz, 908 So.2d 518 (Fla. 5th DCA 2005)(a "final Judgment" is not appealable if it merely makes a finding of liability "but expressly reserves jurisdiction to assess damages against [the taker] for having wrongfully taken [] the property").
As to the merits, we find that the trial court erred in utilizing the date of the inverse condemnation trial for purposes of establishing the value of the property for compensation. In doing so, we adopt the reasoning and rule established by the First District in Basic Energy Corp. v. State Dep't of Corrs. ex rel. Internal Improvement Trust Fund, 709 So.2d 124, 128 (Fla. 1st DCA 1998). Thus we hold that in an inverse condemnation proceeding, the date of valuation for compensation is the date that the property was wrongfully appropriated by the condemning agency. See also Crigger v. Fla. Power Corp., 469 So.2d 941 (Fla. 5th DCA 1985); County of Volusia v. Pickens, 439 So.2d 276 (Fla. 5th DCA 1983)(the date of appropriation is "the better rule" in determining the date of valuation for compensation).
We reverse and remand with instructions to the trial court to determine the date of valuation for compensation as the date FDOT appropriated Parcel 104A from St. John's and conduct a new trial on compensation.
Reversed and Remanded.
SHAHOOD, C.J., and HAZOURI, J., concur.