PER CURIAM.
Walter Lewis challenges the trial court’s denial of his motion seeking return of $99,770.00 in United States currency seized from him in 2007. We affirm.
On February 12, 2007, during a routine traffic stop, officers from the Jacksonville Sheriffs Office (JSO) seized from Lewis’s vehicle a black tote bag containing almost $100,000 in cash banded together in stacks of $1,000. Officers smelled a strong odor of marijuana coming from the vehicle and obtained assistance from a K-9 drug-sniffing unit. The dog alerted to the presence of narcotics in the tote bag, but no drugs were found in the bag, in Lewis’s vehicle, or on Lewis. JSO instituted a forfeiture proceeding against the currency, but the trial court on April 12, 2007, dismissed the case without prejudice on JSO’s motion, which said: “All issues between the parties in this action have been resolved.” Nothing in the record reflects that the currency was used as evidence or that the resolution of issues between the parties had specified who owned the currency.
Over four years later, in August, 2011, Lewis, currently incarcerated in a federal prison, moved for entry of a nunc pro tunc order requiring that the currency be returned to him. The trial court denied the motion, treating it as a motion for relief from judgment that was time-barred. It said, however, that Lewis’s “rights to the currency at issue, if any, should be determined in a separate civil action.”
Under the Florida Contraband Forfeiture Act,[1] “[wjhen the claimant prevails at the conclusion of the forfeiture proceeding, if the seizing agency decides not to appeal, the seized property shall be released immediately to the person entitled to possession of the property as determined by the court.” § 982.704, Fla. Stat. (2007) (emphasis added). Lewis claims that title vested in him as of the moment of the dismissal of the case and it was error for the trial court to deny his request for a nunc pro tunc order restoring ownership of the currency to him. In response, JSO argues that the trial court was correct in not allowing relief from the dismissal order under Rule 1.540(b), Florida Rules of Civil Procedure. Alternatively it says the case was effectively settled, not voluntarily dismissed, and that remand would be appropriate to determine the rightful owner of the currency.[2]
While it is generally true that a claimant prevails when a forfeiture claim is dismissed, Pondella Hall for Hire, Inc. v. Lamar, 866 So.2d 719, 724 (Fla. 5th DCA 2004), the statute states that release of seized property shall be “to the person entitled to possession of the property as determined by the court.” § 982.704, Fla. Stat. Merely being a claimant does not necessarily equate to being the “person entitled to possession of the property” under the statute. On this record, it was not error for the trial court to deny relief to Lewis, who did nothing to perfect his claimed right to the seized property at the time of the dismissal order. He does not claim he lacked notification of the dismissal order, and he provides no explanation for his delay in asserting his claimed right *32 to the currency. Because we agree that no basis exists to disturb the trial court’s order, we need not consider whether a settlement was reached that complies with section 932.704(7). As the trial court noted, whatever relief Lewis might have would have to be asserted in a civil suit independent of this case.
AFFIRMED.
VAN NORTWICK, ROWE, and MAKAR, JJ., concur.

. §§ 932.701.706, Fla. Stat. (2007)

. See id. § 932.704(7) ("When the claimant and the seizing law enforcement agency agree to settle the forfeiture action prior to the conclusion of the forfeiture proceeding, the settlement agreement shall be reviewed, unless such review is waived by the claimant in writing, by the court or a mediator or arbitrator agreed upon by the claimant and the seizing law enforcement agency. If the claimant is unrepresented, the settlement agreement must include a provision that the claimant has freely and voluntarily agreed to enter into the settlement without benefit of counsel.”).