TORPY, C.J.
We address this case for the fifth time. See Koontz v. St. Johns River Water Mgmt. Dist., 720 So.2d 560 (Fla. 5th DCA 1998) [Koontz I]; St. Johns River Water Mgmt. Dist. v. Koontz, 861 So.2d 1267 (Fla. 5th DCA 2003); St. Johns River Water Mgmt. Dist. v. Koontz, 908 So.2d 518 (Fla. 5th DCA 2005); and St. Johns River Water Mgmt. Dist. v. Koontz, 5 So.3d 8 (Fla. 5th DCA 2009) [Koontz TV], In Koontz IV, at Appellant’s request, we certified to the Florida Supreme Court a question of great public importance. We adopted verbatim the question framed by Appellant. The Florida Supreme Court rephrased and expanded the scope of the certified question[1] as follows:
DO THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE X, SECTION ' 6(a) OF THE FLORIDA CONSTITUTION RECOGNIZE AN EXACTIONS TAKING UNDER THE HOLDINGS OF NOLLAN 7. CALIFORNIA COASTAL COMMISSION, 483 U.S. 825 [107 S.Ct. 3141, 97 L.Ed.2d 677] (1987), AND DOLAN V. CITY OF TIGARD, 512 U.S. 374 [114 S.Ct. 2309, 129 L.Ed.2d 304] (1994), WHERE THERE IS NO COMPELLED DEDICATION OF ANY INTEREST IN REAL PROPERTY TO PUBLIC USE AND THE ALLEGED EXACTION IS A NON LAND-USE MONETARY CONDITION FOR PERMIT APPROVAL WHICH NEVER OCCURS AND NO PERMIT IS EVER ISSUED?
*398 St. Johns River Water Mgmt. Dist. v. Koontz, 77 So.3d 1220, 1222 (Fla.2011). Answering the certified question in the negative, the Florida Supreme Court held that an “exactions taking” had not occurred. It expressly declined to address any issues beyond the question certified. Id. at 1231.
On review, the United States Supreme Court reversed the decision of the Florida Supreme Court. Koontz v. St. Johns Water Mgmt. Dist., — U.S.-, 133 S.Ct. 2586, 186 L.Ed.2d 697 (2013). In doing so, it concluded that an exactions taking may occur even in the absence of a compelled dedication of land and even when the unconstitutional condition is refused and the permit is denied. Id. at 2596, The Supreme Court declined to address certain state law issues raised by Appellant during that'proceeding, concluding that the resolution of those issues was more appropriately addressed to the Florida Supreme Court. Importantly, none oí the issues left open by the United States Supreme Court fell within the scope of the certified question. Accordingly, the Florida Supreme Court remanded this cause back to this court for “further proceedings consistent with [the United States Supreme Court’s] decision.”
Because our decision in Koontz IV is entirely consistent with the decision of the United States Supreme Court, we adopt and reaffirm Koontz IV in its entirety and affirm the judgment below. We deny Appellant’s request to reopen the briefing. The constitutional issues decided by the United States Supreme Court were fully briefed here, and that Court’s holding does not set forth a new legal construct with which we must re-analyze these issues. To the extent that Appellant seeks to brief the state law issues left open by the Supreme Court, we conclude that those issues were either disposed of in Koontz I or Koontz IV, or they were not preserved and presented in those proceedings.[2]
AFFIRMED.
*399 ORFINGER, J., concurs.
GRIFFIN, J., dissents with opinion.

. The supreme court expanded the question to address the application of the United States Constitution, as well as the Florida Constitution.

. In Koontz IV we did not overlook Appellant's argument predicated on Key Haven Associated Enterprises, Inc. v. Board Of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982). We note that the United States Supreme Court cited this case in conjunction with one of the state law arguments that it declined to decide. Koontz, 133 S.Ct. at 2597. We rejected that argument in Koontz I and Koontz TV, albeit without much elaboration. The decision in Key Haven Associated Enterprises, Inc. preceded the enactment of section 373.617, Florida Statutes, and its predecessor. The creation of that independent statutory cause of action to redress takings claims superseded the holding in that case. See Fla. Dep’t of Envtl. Regulation v. Bowen, 472 So.2d 460 (Fla.1985) (approving Bowen v. Fla. Dep't of Envtl, Regulation, 448 So.2d 566 (Fla. 2d DCA 1984)). The statute clearly differentiates between a constitutional "takings claim” and a claim challenging an agency's authority under and application of existing statutes and rules. It is only the latter category of claim that must be pursued in a Chapter 120 proceeding. The underpinning of Koontz’s claim is clearly the Takings Clause. Koontz, 133 S.Ct. at 2594, 2596. (these claims involve a "special application” of the Fifth Amendment Takings Clause) ("extortionate demands ... in permitting context ... impermissibly burden the right not to have property taken without just compensation”), The failure to avail himself of a Chapter 120 proceeding was only an implicit ac-knowledgement that Appellant acted within the authority granted to it by statute and rule. Indeed, Koontz affirmatively acknowledged that Appellant had the discretion to deny his permit under existing statutes and rules. That acknowledgment does not negate a claim under Koontz’s theory. The fact that the government has the "greater authority” to deny a permit does not imply the "lesser power to condition permit approval on petitioner's forfeiture of his constitutional rights.” Id. at 2596. As with all other state law issues, Appellant did not challenge our disposition on this issue by proffer of a proposed certified question, and, after hearing argument on this issue, a majority of the Florida Supreme Court chose not to expand the scope of Appel *399 lant’s proposed question to address this issue. See Koontz, 133 S.Ct. at 2597 (noting that Florida Supreme Court declined to' address this issue).